Hillsborough,
No. 4613.

ROLAND A. LAMARCHE

*v.*

GRANITE STATE FIRE INSURANCE COMPANY.

Argued December 3, 1957.
Decided February 4, 1958.

*Craig & Craig* (*Mr. William H. Craig, Jr.*, orally), for the plaintiff.

*Sheehan, Phinney, Bass, Green & Bergevin* and *Frederick W. Branch* (*Mr. Bergevin* orally), for the defendant.

WHEELER, J. At pre-trial it was stipulated that the defense was that the fire had been set by the insured or somebody engaged by him or acting with his knowledge or consent.

On February 18, 1954, the plaintiff acquired title to the property involved in this action situated in New Boston consisting of a house with six finished rooms on the first floor, and a barn, and approximately twenty-five acres of land on which were over one hundred fruit trees. The house was wired for electricity and the barn was in good condition. The property was subject to a mortgage of $1,923.72. After acquiring title, the plaintiff increased the insurance by two thousand dollars, making a total of sixty-five hundred dollars of fire insurance then in effect. In addition to the New Boston property, the plaintiff owned two apartment houses in Manchester which he planned to rent.

Considering all the plaintiff's evidence as true and construing it most favorably to the plaintiff, it could be found that on the morning of March 14, 1954, the plaintiff was living on Mast Road in Manchester about eight miles from his property in New Boston, and between 6:00 and 6:30 he loaded his trailer with various articles of furniture and parts to be used in repairing the furnace in the New Boston property, attached it to his 1950 Cadillac automobile, and proceeded to New Boston. He parked the car in the driveway in plain view of the highway, unloaded the trailer, went into the house and started a fire in the fireplace, placing a screen in front of it, and commenced to clean the premises. It was the first time he had ever started a fire in the fireplace. The fireplace smoked and caused his eyes to smart. He remained in the house for about three-quarters of an hour and then left to go home because it was snowing. At that time the fire was in "embers" and there appeared to be no danger of a conflagration. He unhooked his trailer because the road was slippery and proceeded north about a quarter of a mile to the "spring" where he inquired if he could proceed up the hill, or Mountain Road, to return to Manchester. He tried to make the hill but had to back down and take another

road, arriving home about 9:00 A. M. At about 11:00 o'clock his sister phoned that his property had burned. He returned to New Boston and found his place entirely consumed by the fire.

The plaintiff had last visited the property about a week before the fire to bring some household articles and make the place more livable for the expected residence of his father who had moved in his bed, some clothing and fifteen to twenty dollars worth of canned goods.

On the day of the fire several witnesses observed plaintiff's Cadillac car in his yard. Within minutes after the plaintiff left to return to Manchester, smoke was observed pouring out of the roof, and the fire was widespread within the house around the floors and walls. There was evidence that the fire was not discovered by neighbors until approximately 9:45 A. M.

The question raised by the defendant's exceptions to the denial of its motions for a nonsuit and directed verdict is "whether, on the evidence, any verdict could be found for the plaintiff." *Chabot* v. *Company*, 79 N. H. 230, 231. "In passing upon these motions 'the Court was obliged to consider the evidence for the plaintiff as true and to construe all the evidence most favorably to the plaintiff.' *Shimkus* v. *Caesar*, 95 N. H. 286, 287." *Leonard* v. *Manchester*, 96 N. H. 115, 117; *Carr* v. *Company*, 101 N. H. 84, 85. The defendant's contention that the evidence compelled a finding that the fire was set by the plaintiff does not require acceptance, although there was circumstantial evidence from which the jury could have found that it was set by the plaintiff. If the jury believed the plaintiff's testimony, it could likewise believe that the fire resulted from a defective fireplace or chimney, in view of the evidence that flames or smoke were first seen about the roof of the house, and that the fireplace had given a prior owner trouble. In *Lamb* v. *Insurance Co.*, 88 N. H. 306, relied upon by the defendant, it was conceded that the fire had been set, and the issue was whether there was evidence to warrant a finding that it was set by someone other than the insured. That case is not controlling of this one.

Defendant contends that the motion to set aside the verdict and for judgment notwithstanding the verdict should have been granted because "upon examination of the entire argument for the plaintiff, we find nothing but a continuous appeal to the prejudices and passions of the jury." The defendant also argues in support of the motion that prejudicial evidence was received and that the

overwhelming weight of the evidence established that the plaintiff set the fire.

The defendant attacked the credibility of the plaintiff by introducing prior convictions of criminal offenses. In so doing however it had to take its chances that plaintiff's counsel might argue that the company was bringing in an issue not wholly germane to the case on trial and diverting the attention of the jury from the main issue. No exception was taken to this portion of the argument. The single exception taken to argument for the plaintiff, which was immediately withdrawn, is without merit. The refusal of the Court to set the verdict aside "would involve a finding that the error [if any] had been cured and that the trial was fair." *Burnham* v. *Stillings*, 76 N. H. 122, 130.

The defendant excepted to the failure of the Court to grant its requests Nos. 3 and 7 as follows:

"(3) An attempt to defraud after the loss may result from the making of false statements by the insured to the insurer with reference to some material fact bearing on the loss, or by the giving of false testimony at the trial of his case.

"(7) If you find that the plaintiff has given false testimony in this court at the trial of this case, either as to the reason for increasing the insurance on the buildings, or with reference to the cause of the fire, or his complicity therein, your verdict will be for the defendant."

In support of its argument that denial of these requests was error, the defendant relies upon *Follett* v. *Insurance Company*, 77 N. H. 457, where the defense was fraudulent overvaluation of the property insured. In the case before us, under the pre-trial order which was never modified, the issue to be tried was whether the fire had been set by the insured or at his behest. There was no evidence to warrant a finding of overvaluation with intent to defraud, and that issue was not presented. *Watson* v. *Company*, 96 N. H. 487. The jury was instructed to return a verdict for the defendant if the plaintiff "failed to make it appear a little more probable than otherwise that he did not set the fire for the purpose of collecting the insurance."

The instructions given were sufficiently favorable to the defendant. While the jury might disbelieve the plaintiff's testimony, the defendant's right to a verdict was properly made to depend upon the plaintiff's failure to establish that he did not set the fire, rather than upon any finding that he testified falsely in some

respect. His reason for increasing the insurance was a collateral issue and a finding that he gave false testimony when he testified that the insurance was increased "at the bank" would not of itself have entitled the defendant to a verdict. See *Hall* v. *Insurance Company*, 90 N. H. 191. The requested instructions, in their generalized form, were properly denied.

*Exceptions overruled.*

BLANDIN, J., was absent; the others concurred.